# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | Case No. 2:09-cr-00147-JCM-GWF |
| vs. | **ORDER** |
| RUSSELL PIKE, | Motion to Strike Prejudicial Language from Indictment Under Federal Rule of Evidence 7(d) (#62) |
| Defendant. | |

This matter comes before the Court on Defendant's Motion to Strike Prejudicial Surplus Language from Indictment Under Federal Rule of Evidence 7(d) (#62), filed on August 23, 2011, and Government's Response to Defendant's Motion to Strike Surplus Language from Indictment Under Federal Rule of Evidence 7(d) (#72), filed on September 9, 2011.

## BACKGROUND

Defendant is awaiting trial on charges of tax evasion in violation of 26 U.S.C. § 7201, occurring from on or about May 9, 2006 through at least on or about October 15, 2007. (*See* # 1.) The indictment alleges Defendant failed to pay taxes for the 2006 tax year and committed other acts of evasion to conceal his true and correct income resulting from his involvement with Xyience Inc. The parties stipulated to a bench trial in this matter, which is currently scheduled for November 14, 2011. (#67.)

In his motion, Defendant requests the Court to strike paragraph number 6 of the Indictment, which states: "In July 2007, Pike listed his assets as $27,000,000.00 and his liabilities as $2,000,000.00 on a life insurance application."[1] Defendant argues this paragraph is irrelevant

---

[1] It appears the paragraphs of the Indictment were numbered in error: page two of the Indictment contains two paragraphs numbered "6." Defendant is requesting the first paragraph number 6 be stricken. For the purposes of this Order, paragraph 6 refers to the first paragraph 6 listed.

because it refers to the Defendant's status is 2007, when the Indictment alleges that he failed to pay taxes for 2006 tax year.  Defendant also claims this language is prejudicial because the Government's description of Defendant's assets in conjunction with the statements alleging misconduct in the reporting of income deliberately blurs the distinction between income and assets and will cause confusion to the finder of fact.

## DISCUSSION

Pursuant to Rule 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged... ." Fed.R.Crim.P. 7.  Rule 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "The purpose of a motion to strike under Fed.R.Crim.P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges.' " *United States v. Terrigno*, 838 F.2d 371 (9th Cir.1988) (quoting *United States v. Ramirez*, 710 F.2d 535, 544–45 (9th Cir.1983)).  However, while facts in the indictment "may be somewhat prejudicial," they should not be stricken if they are "relevant and material to the charge[d]" offenses. *Terrigno*, 838 F.2d at 373.  Further, "if language in the indictment constitutes information that the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be as long as the information is legally relevant." *United States v. Gerlay*,  2009 WL 3872143 at *1 (D.Alaska, 2009).

The Court finds that paragraph 6 is relevant to the charged conduct and therefore should not be stricken from the indictment as surplusage.  The indictment charges that Defendant did willfully attempt to evade payment of taxes due by failing to make an income tax return, failing to pay such taxes, and by committing affirmative acts of evasion such as concealing or attempting to conceal his true and correct income. (*See* #1.)  There are a variety of different methods for proving the essential elements of tax evasion, and because direct proof of a defendant's state of mind is rarely available, circumstantial evidence and inferences drawn there from are typically used to establish willfulness in tax fraud prosecutions. *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir. 1980). The government submits that it intends to prove paragraph 6 at trial.  Specifically, the Government argues Defendant's claimed assets and liabilities in 2007 are relevant to the charged conduct in

light of the fact that Defendant reported little to no income in 2004 and 2005, failed to file a tax return in 2006, yet reported $27 million in assets in 2007. The government further argues that Defendant's reported $27 million in assets proves Defendant's ability to pay the owed taxes for the 2006 tax year, supporting a finding that the Defendant acted willfully in evading tax payment. Further, the fact that the alleged statement was made approximately 3 months after the April 15, 2007 tax deadline does not render it irrelevant to the charged conduct. *See United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981) ("Independent evidence of willfulness may be established by 'the so-called badges of fraud' and acts both prior and subsequent to the indictment period may be probative of the defendant's state of mind.")

The Court also finds that paragraph 6 is not prejudicial. If any perceived confusion of the difference between assets and income results from the Government's presentation of its case, the Defendant will have an opportunity during its case to correct that confusion. Moreover, as the government notes, the parties have previously stipulated to a bench trial. The danger of unfair prejudice and confusion is somewhat alleviated when a matter will be heard by a judge rather than a jury. *See United States v. Schofield,* 2006 WL 3408101 at *3 (E.D.Va. 2006). The Court can properly apply the facts of this case to the essential elements of the crime without obscuring the distinction between assets and income. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Prejudicial Surplus Language from Indictment Under Federal Rule of Evidence 7(d) (#62) is **denied**.

DATED this 23rd day of September, 2011.

GEORGE FOLEY, JR.
United States Magistrate Judge